## PALOLO LAND & IMPROVEMENT COMPANY, LTD., v. TERRITORY OF HAWAII AND KAANE KAU-MAKA.

CROSS APPEALS FROM COMMISSIONER OF PRIVATE WAYS AND WATER RIGHTS, HONOLULU.

ARGUED OCTOBER 16, 1906.        DECIDED OCTOBER 25, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

WATER COMMISSIONER—*decision reversed for want of sufficient petition and notice.*

A decision of a water commissioner is reversed because based on a petition which merely alleged that the petitioner was the owner of certain land and entitled to the surplus water thereof and asked that the petitioner be allowed to use all the water as it saw fit, there being no allegations as to any controversy or other persons interested or disputing the claim or what use of the water was desired and no prayer for process, and the record not showing service of process on any one personally or by posting or newspaper publication.

This case relates to water rights of the land of Kaea, which is a lele of the ili of Kapahulu, L. C. A. 8559B, Ap. 32, and contains 110½ acres situated in Palolo valley, Honolulu. Kaea is a kula or dry land traversed by one of the small ravines or gorges in the upper part of the westerly branch of Palolo valley. A stream rises near the upper end of the land and after flowing down the ravine some distance disappears before reaching the lower end. At one or two points below the lower end water appears in the bed of the ravine and further down are the copious Mahoe or Pukele springs which form the ordinary source of the Pukele stream from which numerous lands in the valley obtain their water. The stream does not flow on the surface through the entire length of the Kaea land and down to the Mahoe springs except in times of freshet.

The commissioner decided, after a hearing upon the evidence, that the water that sinks in the Kaea land does not flow in a known and defined channel underground to the Mahoe springs; that lands entitled to water from the Pukele stream at and below the Mahoe springs are entitled only to the storm waters of Kaea, that is, the waters that flow down to the Mahoe springs on the surface in times of freshet; that one homestead lot known as the Iaukea land is entitled to water for domestic use and irrigation by buckets, that is, not through ditches, at one of the points at which in ordinary times water appears between the Kaea land and the Mahoe springs; and that the owners of Kaea are entitled to all the ordinary water except as aforesaid and may take and divert it to any other lands as they see fit. The point at which the diversion may be made is not specified.

Unfortunately the record is not such as would justify us in deciding finally and definitely upon the matters which were the subject of dispute below and which the commissioner attempted to decide. The proceeding was instituted by the petitioner through its president without the aid of counsel by filing an informal unentitled petition directed to the commis-

sioner, alleging that it was the owner of the land of Kaea and "that the owners of Kaea are entitled to all the surplus water of said lands, and it now asks to be allowed to use all of the waters as they see fit." There is no allegation that any controversy exists or that any other person or persons are interested in the question or dispute the claims of the petitioner nor any allegation as to what use, if any, the petitioner is making or proposes to make of the water or any of it nor is there any prayer for process. Apparently the petitioner proposes to divert the water to other lands. There is nothing in the record to show that process or summons was served upon any one, either personally or by posting or by publication in the newspapers, as prescribed by the statute, although it is stated orally by counsel that there was a newspaper publication, but what the publication amounted to is not stated. The attorney general appeared on behalf of the Territory as the lessor of certain homestead lots in the valley and perhaps also for the owners of certain other lands, one of whom joins in one of these appeals. After the president of the corporation had introduced part of the evidence the case was proceeded with by counsel for the petitioner and a deputy attorney general contra.

In the absence of record evidence of notice of the proceedings none of the numerous owners of lands entitled to water from the Pukele stream other than those who actually appeared would be bound, and consequently an attempted adjudication even if favorable to the petitioner would not serve its purposes, for its object evidently is to make sure of its right to the water before incurring the necessary expenses for its use elsewhere. But aside from this, what does the petitioner ask? Merely "to be allowed to use all the waters as they see fit." The waters are not the commissioner's to dispose of. The most that the commissioner could do would be to say that the petitioner could use the waters as it saw fit provided it did so without injury to others, but that would be a mere statement of a proposition of law which would not benefit the petitioner. What the petitioner really desires in effect is a decision that

it is the owner of all the waters on the Kaea land, but it does not ask to have that adjudicated except inferentially and does not even allege that it is entitled to all the waters on that land; on the contrary it alleges only that it is entitled to all the surplus water. But, assuming that it properly alleges that it is the owner of all the waters on that land and asks to be so. declared, the suit could be sustained, if at all, only as analogous to a suit in equity to quiet title or remove a cloud or a statutory action to quiet title, but allegations necessary to sustain even such a suit or action are wanting; and we do not understand that the statute relating to water controversies before a commissioner contemplates a proceeding in the nature of a proceeding in rem by one claiming to be the owner of certain waters to have himself declared such as the ultimate object sought and not incidentally or intermediately for the purpose of obtaining some definite relief from the acts or omissions of others. No doubt water commissioners should not be held to undue strictness in their proceedings but there are limits beyond which they should not go, and in our opinion those limits have been passed in this case.

Perhaps the same practical result, so far as the petitioner is concerned, would be reached if we should attempt to decide the case on its merits. It is not a case brought by others to restrain the petitioner from making some particular diversion of water, with the burden on them to show that the diversion is injurious to them or that the water that sinks on Kaea comes out in the Mahoe springs below and that its passage underground is in a known and defined channel. It is a case by one proposing to divert water from its own land and in unindicated quantities at unindicated points, with the burden on it of showing that any diversion would not be injurious to others or that the water that sinks in Kaea does not flow underground to the Mahoe springs in a channel that is defined and capable of reasonable ascertainment. It goes without saying that a diversion could be made if not injurious to others and therefore the decision in order to be of practical value would have to include a finding.

that no diversion whatever could be injurious to others—proof of which would be incumbent on the petitioner. We should at least hesitate a good deal before undertaking to say in advance that any diversion would not be injurious to others and thus preclude others for all time from showing the contrary. That question might be more easily settled after a diversion than before.

The decision of the commissioner is reversed and the petition dismissed.

*D. L. Withington* (*Castle & Withington* on the brief) for petitioner.

*F. W. Milverton, Deputy Attorney General,* (*E. C. Peters, Attorney General,* on the brief) for respondents.